G. Thomas Martin, III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
6464 W. Sunset Blvd, Suite 960
Los Angeles, CA 90028
Telephone: 323.940.1700
Facsimile: 323.328.8095
tom@mblawapc.com
nick@mblawapc.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| OREOFE ONIFADE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>　　　　Defendant(s). | Case No.: 2:18-cv-4959<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. OREOFE ONIFADE (Plaintiff), through her attorneys, brings this action to secure redress from BANK OF AMERICA, NATIONAL ASSOCIATION (Defendant) for violations of the Electronic Fund Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2. Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in failing to perform a reasonably diligent investigation into Plaintiff's disputes concerning her personal banking account with Defendant as it pertained

to a failure of Defendant in transferring a sum of money into Plaintiff's London based account.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

3.\qquad This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

4.\qquad Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

5.\qquad Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Defendant, a corporation, maintains a business offices throughout California and does or transacts business within this District and Plaintiff resides within this district.

6.\qquad Plaintiff is a natural person residing in Los Angeles County, State of California.

7.\qquad Defendant is a corporation with its State of Incorporation being Delaware.

## FACTUAL ALLEGATIONS

8.\qquad On or about December 2017, Plaintiff, who is currently an international student at UCLA, opened a personal banking account with Defendant with the local branch being located in Westwood, California.

9.\qquad On April 9, 2018, while visiting her son in London, Plaintiff initiated an electronic transfer of funds in her account with Defendant to her other personal banking account located in London – where her son is currently attending boarding school.

10.\qquad The electronic transfer was in the sum of approximately $3,000.00, was going to be used solely for the purpose of paying Plaintiff's son's boarding

school tuition. However, as of April 12, 2017, while the funds were no longer in Plaintiff's Bank of America account, said funds had not been transferred to her London based account to pay the tuition.

11. Plaintiff then called Defendant to report the issue, disputed the failure to transfer, and demanded that her funds be immediately transferred to her London based account so that she can pay her son's tuition. Defendant did not immediately remedy the issue and simply advised Plaintiff to continue to way longer.

12. Three more days passed, now April 15, 2017, and Plaintiff's funds were still no transferred nor were the funds in her Bank of America account. Plaintiff once again called to report the error, reported her dispute, and demanded that Defendant remedy the situation. Defendant did not remedy the situation and again told Plaintiff to simply wait longer.

13. As a direct result of this delay in the completed transfer of funds, and with Plaintiff's son's boarding school advising that funds were due immediately, Plaintiff was forced to borrow this sum in order to ensure that her son's tuition was paid, much to the embarrassment of Plaintiff in having to do so.

14. On April 19, 2018, upon her return back to Los Angeles, Plaintiff visited her local branch in-person, to directly discuss the failure to transfer her funds – as Plaintiff still did not have her funds in either her Bank of America account or her London based account. The branch manager made a few phone calls in front of Plaintiff, advised that nothing more could be done by the branch, and advised that Defendant would call her. However, no such call or written correspondence was ever received by Plaintiff regarding this error.

15. As of today, June 4, 2018, Defendant has failed to either refund Plaintiff her funds back or successfully transfer the funds to Plaintiff's London account. Thus, it has been nearly ninety (90) days that Plaintiff has been without her nearly $3,000.00 and further now owes a friend that same sum as she had to

borrow that money to keep her son in school. Thus, Defendant's errors has now cost Plaintiff nearly $6,000.00 in monetary fund alone.

16. In sum, Plaintiff has spent countless hours making phone calls and sending emails to various of Defendant's employees seeking an explanation and/or remedy to this issue. Plaintiff has never received any such explanation and Plaintiff still does not have her transferred funds in either bank account.

17. Defendant's alleged "investigation" into Plaintiff's dispute was clearly inadequate, not reasonable, not diligent, and failed to properly address Plaintiff's issues regarding her $3,000.00 transfer.

18. Further evidencing Defendant's woefully inadequate investigation is the fact that Defendant has access to both Plaintiff's personal bank account. Defendant could have reasonably, easily and swiftly confirmed the $3,000.00 never occurred and simply refunded/credited the funds over to Plaintiff's personal bank account.

19. Instead, Defendant failed to investigate properly, failed to credit/refund or to conduct any further review/investigation, even after Plaintiff made numerous attempts to inform Defendant of its mistake in its resolution (or lack thereof) of the dispute.

20. What is more, not only is Plaintiff still without the benefit of her $3,000.00 refund, but Defendant's actions and reversal of the credit has resulted in Plaintiff being unable to pay household bills and expenses and has resulted in Plaintiff needed to seek temporary residence at a friend's home as opposed to securing a lease to rent an apartment, all of which are a direct result of Defendant's failure to properly handle and resolve her dispute.

# COUNT I:

## DEFENDANT VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT

21.     15 U.S.C. §1693f(a)(3), provides that if a consumer notifies a financial institution of an "error" related to an electronic fund transfer within sixty (60) days of said error, "the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days."

22.     Pursuant to 15 U.S.C. §1693f(f)(2), an "error" as described above includes an incorrect electronic fund transfer from or to the consumer's account.

23.     Pursuant to 15 U.S.C. §1693(e), a financial institution is not only liable under §1693m, but is subject to treble damages, should the Court find that: (1) the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in subsection (c), and the financial institution (A) did not make a good faith investigation of the alleged error, or (B) did not have a reasonable basis for believing that the consumer's account was not in error; or (2) the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation.

24.     Based upon the foregoing, Defendant failed to make a good faith investigation into the error regarding Plaintiff's account, did not have a reasonable basis for believing that Plaintiff's account was not in error and/or knowingly and willfully concluded that Plaintiff's account was not in error when such a conclusion could not reasonable have been drawn from the evidence available to the financial institution at the time of its investigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, OREOFE ONIFADE respectfully requests judgment be entered against Defendant, BANK OF AMERICA, NATIONAL ASSOCIATION, for the following:

25. Statutory damages of $1,000.00 per 15 U.S.C. §1693m;
26. Actual damages per 15 U.S.C. § 1693m;
27. Costs and reasonable attorneys' fees per 15 U.S.C. § 1693m;
28. Treble Damages;
29. For prejudgment interest at the legal rate; and
30. Any other relief this Honorable Court deems appropriate.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

RESPECTFULLY SUBMITTED,

Dated: June 4, 2018   **MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager

Nicholas J. Bontrager
*Attorney for Plaintiff*